**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4518**

_____

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

       versus

LIVINSON BRUMAIRE,

                                  Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, Senior District Judge. (CR-03-474)

_____

Submitted: October 12, 2005      Decided: November 29, 2005

_____

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

_____

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

_____

Creighton B. Coleman, Winnsboro, South Carolina, for Appellant. Alfred W. Bethea, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Livinson Brumaire appeals his conviction and sentence for one count of conspiracy to possess with intent to distribute 50 grams of crack cocaine and 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2000). Brumaire's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his opinion, there are no meritorious issues for appeal. Counsel does assert however, that Brumaire's sentence is improper in light of Blakely v. Washington, 124 S. Ct. 2531 (2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000). Brumaire filed a pro se supplemental brief challenging his sentence under United States v. Booker, 543 U.S. ____, 125 S. Ct. 738 (2005), the sufficiency of the evidence, the selection of the jury, and alleged compliance with the Speedy Trial Act and his constitutional rights to a speedy trial. Brumaire also contends his trial should have been severed from his co-defendant and the prosecutor engaged in misconduct during closing arguments.[1] While we affirm the conviction, we vacate the sentence and remand for resentencing.

---

[1]To the extent Brumaire contends counsel was ineffective for not preserving some of his issues, claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). To allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C. § 2255 (2000) motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because the record does not conclusively establish counsel was ineffective, we decline to review that claim.

Brumaire was involved in a significant drug conspiracy distributing crack cocaine in South Carolina. At trial, many of Brumaire's co-defendants testified against him. The evidence was overwhelming that Brumaire was a significant operative in the conspiracy that spanned several years. Accordingly, we find the evidence was sufficient to support the conviction. Glasser v. United States, 315 U.S. 60, 80 (1942) (stating standard).

Brumaire's challenge to the jury venire must fail. There is no evidence he challenged the selection of the jury venire at trial. Accordingly, review is waived. See 28 U.S.C. § 1867 (2000); United States v. Webster, 639 F.2d 174, 180 (4th Cir. 1981). Moreover, our review of the record shows no support for his claim that representation of blacks in the venire was not fair and reasonable or that there was a systemic exclusion of blacks from the jury venire. United States v. Lewis, 10 F.3d 1086, 1089-90 (4th Cir. 1993).

Brumaire's contention that the Speedy Trial Act was violated must fail. Because Brumaire did not object at trial, review is for plain error. United States v. Olano, 507 U.S. 725, 732 (1993). Assuming, arguendo, there was error, Brumaire fails to show the error affected his substantial rights. See United States v. White, 405 F.3d 208, 223 (4th Cir. 2005). With respect to the constitutional guarantee of a speedy trial, we find the delay was not sufficient to trigger a speedy trial inquiry.

<u>Doggett v. United States</u>, 505 U.S. 647, 651-52 (1992); <u>Barker v. Wingo</u>, 407 U.S. 514, 530 (1972). Finally, there is no evidence the prosecutor engaged in misconduct during closing arguments. Brumaire's claim that the prosecutor engaged in misconduct and he was prejudiced by such conduct is purely speculative and without foundation.

The jury found beyond a reasonable doubt Brumaire was responsible for 50 grams or more of crack cocaine and 5 kilograms of cocaine. Combining these drug amounts would have resulted in a base offense level of 32, with a corresponding guideline range of 121 to 151 months' imprisonment for Brumaire's criminal history category. At sentencing, however, the district court found Brumaire was responsible for 90.68 kilograms of crack cocaine, for an offense level of 38. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1(c)(1) (2003). Two points were added based upon Brumaire being a leader, organizer, manager, or supervisor of at least three other individuals. <u>See</u> USSG § 3B1.1(c). Brumaire's total offense level was 40. The result was a guideline sentence of 292 to 365 months' imprisonment. Neither the drug quantity nor the leadership enhancement were found by the jury beyond a reasonable doubt or admitted by Brumaire. Brumaire's sentence was imposed prior to the decisions in <u>Booker</u> and <u>Blakely</u>, and he did not raise objections to his sentence based on the mandatory nature of the Sentencing Guidelines or the district court's application of sentencing

enhancements based on facts not admitted by him or found by a jury beyond a reasonable doubt. Therefore, we review his sentence for plain error. See United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005). His sentence of 292 months' imprisonment meets the standard for plain error that must be recognized under the reasoning set forth in Hughes.[2] Accordingly, we will vacate Brumaire's sentence and remand for resentencing in light of Booker.[3]

Accordingly, we affirm the conviction and vacate and remand his sentence for resentencing consistent with Booker and Hughes. We deny the following motions filed by Brumaire: (1) December 21, 2004 motion to relieve and substitute attorney;

---

[2] Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Brumaire's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[3] Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

(2) January 24, 2005 motion to substitute attorney; (3) February 10, 2005 motion to compel counsel to withdraw the <u>Anders</u> brief; (4) February 18, 2005 motion to withdraw counsel; (5) April 18, 2005 motion to compel discovery; and (6) September 22, 2005 motion to relieve counsel.  To the extent Brumaire seeks transcripts of the voir dire and closing arguments, we deny the request.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED AND REMANDED IN PART</u>

- 6 -